```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Don Survi Chisolm, #347831, a/k/a Don-Survi Chisolm, | Civil Action No.: 4:18-3422-BHH |
| Plaintiff, | **ORDER** |
| vs. | |
| Rhyshema Davis, Nurse DeLeon, Mr. Gore, Deputy Directory Stoley, and Chaplain Cuttino, | |
| Defendants. | |

Plaintiff Don Survi Chisolm ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers for pre-trial management. On September 25, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") that the Court dismiss the action with prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. (ECF No. 61). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On March 15, 2019, Defendants Rhyshema Davis, Mr. Gore, Deputy Directory Stoley and Chaplain Cuttino filed an answer to Plaintiff's complaint. (ECF No. 29). Defendant Nurse DeLeon did not join in the answer. On May 3, 2019, Plaintiff moved for entry of default as to Nurse DeLeon. (ECF No. 37). On July 24, 2019, Nurse

DeLeon, through her attorneys, filed a motion seeking leave to file an answer out of time and attached the proposed answer to the motion. (ECF Nos. 45, 45-1). Her attorneys represented that they had inadvertently omitted her from the answer filed on behalf of her co-Defendants. Nurse DeLeon concurrently filed a response in opposition to the motion for entry of default. (ECF No. 47). Plaintiff did not file a response to the motion for leave to file an answer out of time. Defendants meanwhile sought extensions of time to file dispositive motions, (ECF Nos. 41, 49), and ultimately filed a motion for summary judgment on August 12, 2019, (ECF No. 50). The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), instructing Plaintiff as to the significance of a dispositive motion. (ECF No. 51).

On August 5, 2019, the Magistrate Judge issued a Report and Recommendation by text entry. The Report and Recommendation recommends that the Court grant Nurse DeLeone's motion for leave to file an answer out of time, deny Plaintiff's motion for entry of default, and grant Defendants' motion to extend the deadline for filing dispositive motions. (ECF No. 54). Plaintiff did not file an objection to the Report and Recommendation. Rather, on September 3, 2019 and September 12, 2019, envelopes containing Plaintiff's copy of the Roseboro Order, (ECF No. 51), and the Report and Recommendation, (ECF No. 54), were returned to the Clerk of Court, marked "I/M refused legal mail" and "I/M Chisolm refused this legal mail . . . Returned to Sender," (ECF Nos. 56, 57).

The Magistrate Judge thereafter issued the Report recommending that the Court dismiss this action with prejudice for lack of prosecution. (ECF No. 61). Plaintiff filed no objections, and the time for doing so expired on October 12, 2019. In the absence of

objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. In returning his legal mail concerning this case, Plaintiff has demonstrated that he is not interested in pursuing his claims. Furthermore, he has not filed a response to Nurse DeLeon's motion to file an answer out of time or to Defendants' motion for summary judgment. Accordingly, the Court finds that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b). However, the Court will dismiss the action without prejudice.

IT IS ORDERED that this action is dismissed without prejudice for lack of prosecution and for failure to comply with the Court's Orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). All pending motions are rendered moot.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks<br>United States District Judge

October 16, 2019
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.